UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS ALBERTO VALENZUELA HARO,<br><br>    Defendant. | CASE NO. 2:22-cr-00190-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO EXTEND PRETRIAL MOTIONS DEADLINE AND CONTINUE TRIAL DATE |

This matter comes before the Court on Defendant Luis Alberto Valenzuela-Haro's Unopposed Motion to Extend Time to File Pretrial Motions and Unopposed Motion to Continue Trial Date. Dkt. Nos. 29–30. Mr. Valenzuela-Haro moves to extend the pretrial motions deadline to February 21, 2024, Dkt. No. 29 at 1–2, and separately to continue the trial date from April 1, 2024 to "a date in October 2024," with a concomitant continuance of the pretrial motions deadline. Dkt. No. 30 at 1–3.[1] Thus, he appears to make two requests with respect to the pretrial motions

---

[1] Although Mr. Valenzuela-Haro states at the conclusion of his motion that "[t]he parties agree that the trial date in this matter should be June 5, 2023, in accordance with the same trial date in the related cases," Dkt. No. 30 at 3, the Court assumes the inclusion of the June date was in error.

ORDER GRANTING UNOPPOSED MOTION TO EXTEND PRETRIAL MOTIONS DEADLINE AND CONTINUE TRIAL DATE - 1

deadline: first, to continue it by two days to make his continuance motion timely, and second, to continue it to a date prior to the continued trial date in accordance with the Court's standard scheduling practices. Dkt. No. 29 at 1 (requesting to extend the "time to file pretrial motions from February 20, 2024 to February 21, 2024"); Dkt. No. 29-1 at 1 (proposed order inserting February 21, 2024 as the pretrial motions deadline); Dkt. No. 30 at 2–3 (noting that counsel needs "at least five additional months" to "determine appropriate pretrial motions" and prepare for trial); Dkt. No. 30-1 at 2 (proposed order leaving a blank space for the pretrial motions deadline).[2] The Government does not oppose either motion. Dkt. No. 29 at 1; Dkt. No. 30 at 1.

On December 22, 2022, the Court granted Mr. Valenzuela-Haro's first unopposed motion to continue trial and pretrial motions deadline, Dkt. No. 21, and on May 8, 2023, the Court granted the parties' stipulated motion for another continuance, this time continuing the trial to April 1, 2024 and extending the pretrial motions deadline to February 19, 2024, Dkt. No. 27.[3]

The Court first addresses the untimeliness of Mr. Valenzuela-Haro's motions. As the Court previously cautioned, motions to continue the trial date and pretrial motions deadline must be made prior to the pretrial motions deadline, and "a failure to timely raise a pretrial objection required by Rule 12, absent a showing of good cause, constitutes a waiver." Dkt. No. 27 at 1 n.2 (quoting *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up)). Moreover, a motion for relief from a deadline should be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," and the movant "should not assume that the motion will be granted[.]" LCrR 12(b)(10). Mr. Valenzuela-Haro states that due to extenuating

---

[2] The Court notes that it was not necessary to file two separate motions asking for different relief with respect to the pretrial motions deadline. A single motion to continue the trial date and pretrial motions deadline, providing good cause for failure to file the motion by the pretrial motions deadline, would have sufficed.

[3] Mr. Valenzuela-Haro claims that because his pretrial motions deadline fell on a federal holiday (February 19, 2024), it automatically moved to the next business day, February 20, 2024. Dkt. No. 29 at 2 n.1; Dkt. No. 30 at 2 n.1. However, under Local Criminal Rule 45(a), "[i]f an order of the court sets a specific calendar date by which a party must act, the date is not extended even if it falls on a Saturday, Sunday, or legal holiday unless otherwise ordered by the court."

ORDER GRANTING UNOPPOSED MOTION TO EXTEND PRETRIAL MOTIONS DEADLINE AND CONTINUE TRIAL DATE - 2


circumstances preventing him from meeting with his attorney, the earliest that he was able to meet with counsel to determine that a motion to continue trial was necessary was on February 20, 2024. Dkt. No. 29 at 2. Under these particular circumstances, the Court finds good cause for the belated motions.

Turning to the motion to continue the trial date and pretrial motions deadline, Mr. Valenzuela-Haro seeks a third continuance because he needs "at least five additional months" to complete necessary tasks in preparation for trial. Dkt. No. 30 at 2–3. He is charged with Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B). Dkt. No. 9 at 1–2. He pleaded not guilty to all charges and has been detained since his arrest. Dkt. Nos. 4, 11, 15. His case arises from a significant investigation into a methamphetamine distribution operation which resulted in several law enforcement operations and related cases, including the multi-defendant indictments in *United States v. Paleo*, No. 22-cr-00180-LK (W.D. Wash.) and *United States v. Valencia*, No. 22-cr-00151-LK (W.D. Wash.). Dkt. No. 30 at 1–2. The Government has produced a "large batch of discovery" including "written reports, laboratory analysis, surveillance, audio recordings of statements to police, GPS location data and/or recordings from controlled buys, and other multimedia materials," and Mr. Valenzuela-Haro states that reviewing this volume of discovery is an especially "time consuming process" based on his language needs and custody status in the Special Housing Unit. *Id.* at 2. Thus, he requests a continuance to allow additional time to consult with counsel, review discovery, conduct investigations, explore potential pretrial motions, and prepare for trial. *Id.* at 2–3. Mr. Valenzuela-Haro has filed a speedy trial waiver "knowingly, and with advice of counsel," waiving his right to a speedy trial through November 15, 2024. Dkt. No. 31 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Valenzuela-Haro in any

speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review discovery, consider pretrial motions and defenses, consult with her client, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Valenzuela-Haro reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS Mr. Valenzuela-Haro's motion, Dkt. No. 30, and ORDERS that the trial date for Mr. Valenzuela-Haro shall be continued from April 1, 2024 to October 28, 2024, and that the pretrial motions deadline shall be continued to September 16, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Valenzuela-Haro's trial must commence under the Speedy Trial Act. The Court DENIES AS MOOT the motion to continue the pretrial motions deadline to February 21, 2024, Dkt. No. 29.

Dated this 26th day of February, 2024.

Lauren King
United States District Judge